# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN A. ALEXANDER, | : | Case No. 2:25-cv-1168 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | Judge Michael H. Watson |
| vs. | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| KEITH ALAN EDWARDS, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS

Plaintiff, a prisoner at Mansfield Correctional Institution ("ManCI"), proceeding without the assistance of counsel, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Franklin County Court of Common Pleas on or about September 9, 2025.  (Doc. 1 at 1).  The matter was removed to this Court on October 8, 2025.

This matter is before the Court for a *sua sponte* review of Plaintiff's Complaint to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A; *see, e.g.*, *Avery v. Wooten*, No. 2:20-CV-357, 2020 WL 2085190, at \*2 (S.D. Ohio Apr. 30, 2020) (citing *Duff v. Yount*, 51 F. App'x 520 (6th Cir. 2002)) ("The requirements of § 1915A are applicable in the removal context."), *report and recommendation adopted*, No. 2:20-CV-357, 2020 WL 2735132 (S.D. Ohio May 26, 2020); *Davis v. Goss*, No. CIV.A.6:09-257-DCR, 2010 WL 1872871, at \*2 (E.D. Ky. May 10, 2010) ("Screening of *pro se* prisoner cases is appropriate under the statutory framework, whether a case is initiated in state or federal court.") (citations omitted).

This matter is also before the Court for consideration of Motions to Dismiss by Defendant Kelly J. Cottrill (Doc. 3), and Defendants John F. Litle, Matt Lutz, David Suciu, and Ronald Welch (Doc. 4).  Also before the Court are Plaintiff's Motion for Default Judgment (Doc. 8), Plaintiff's Memoranda in Opposition to the Motions to Dismiss (Docs. 9 and 10), Reply by Defendants Litle, Lutz, Suciu, and Welch (Doc. 11), Reply by Defendant Cottrill (Doc. 12), and Plaintiff's Motion to Appoint Counsel (Doc. 10).

For the reasons set forth below, it is **RECOMMENDED** that the Court **DISMISS without prejudice** Plaintiff's claims challenging the validity of the criminal prosecutions pending against him and Plaintiff's state-law attorney malpractice claim; **DISMISS** the remaining claims **with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b); **GRANT** the motions to dismiss by Defendant Kelly J. Cottrill (Doc. 3) and by Defendants John F. Litle, Matt Lutz, David Suciu, and Ronald Welch (Doc. 4); and **DENY** Plaintiff's Motion for Default Judgment against Defendant Edwards (Doc. 8).  The Court also **DENIES without prejudice** Plaintiff's Motion to Appoint Counsel (Doc. 10).

The Court turns first to its *sua sponte* review of the Complaint.

I.      **Screening Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fee and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id*.; *see also* 28

U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328–29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. And an action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citing *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Though by the same token, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 ("[D]ismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim [under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)].").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded

3

factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II.    Allegations and Parties

Plaintiff raises claims against Defendants in connection with a criminal indictment returned against him by the Muskingum County Grand Jury and Plaintiff's time at the Muskingum County Jail as a result. Plaintiff, while incarcerated in the Ohio prison system on other charges, was indicted on February 26, 2025, along with thirteen others, in connection with a drug ring operated out of the Ohio prison system. Plaintiff asserts that that indictment, CR2025-0180, is a constitutionally defective instrument. (Doc. 2 at 2).

Plaintiff contends that his court-appointed defense counsel, Defendant Keith Alan Edwards—in collusion with the other Defendants and with their knowledge about the deplorable conditions in the Muskingum County jail—is trying to coerce Plaintiff into pleading guilty[1] and is refusing to defend Plaintiff "on any theory of innocence." (*Id*. at 2–3). Plaintiff maintains that Defendant Edwards is also guilty of legal malpractice. (*Id*. at 3).

---

[1]  Plaintiff references two criminal indictments: CR2025-0180 and CR24-0313. (Doc. 2 at 2).

4

Plaintiff accuses the Muskingum County Prosecutor, Defendant Ronald Welch, and Assistant Muskingum County Prosecutor, Defendant John Litle, of presenting false information to the grand jury. Plaintiff further contends that Defendants indicted Minister Normal Whiteside along with Plaintiff, and then, in collusion with Muskingum County Court of Common Pleas Judge, Defendant Kelly J. Cottrill, gave Whiteside a $500,000 bond in the hopes that Whiteside would testify against Plaintiff. (*Id*.). Plaintiff suggests that Defendant Welch failed to mention Whiteside in a May 2024 press release describing the alleged drug and money laundering conspiracy, and that Defendant Litle targeted Whiteside because of Whiteside's role in exposing prior improper conduct between Litle and a former Muskingum County judge. (*Id*.).

Plaintiff next turns his attention to Muskingum County Sheriff Defendant Matt Lutz and Muskingum County Jail Administrator David Sucui. Plaintiff accuses them of knowingly impairing jail inmates' access to the courts by providing inadequate legal materials and other resources in comparison to that which is available in state correctional institutions. (*Id*.). Plaintiff also suggests that Defendants hinder the progress of any grievances challenging the lack of adequate legal services and materials, as well as Plaintiff's attempts to file pleadings in court.

Plaintiff accuses Defendant Cottrill of improperly and swiftly ruling on a motion that resulted in Plaintiff and Whiteside being tried together. According to Plaintiff, Defendant Cottrill hoped that the prospect of being tried together, along with the deplorable conditions of the Muskingum County jail, would induce Plaintiff and Whiteside to plead guilty. "Such collusion," Plaintiff asserts, "is not within the scope of his duties as a judge." (*Id*.).

Plaintiff continues with his allegations about the unconstitutional conditions he experienced while detained in the Muskingum County Jail. He notes at the outset that Defendants

5

Welch and Litle are fully aware of those conditions and have colluded with others in connection with the conditions. "Such collusion," Plaintiff states, "is not within the scope of their duties as prosecutors." (*Id*. at 3). Plaintiff's complaints about the conditions include that inmates are charged a fee when they seek medical treatment; that there are rodent and insect infestations; that the plumbing is rusted and corroded; that the showers do not function properly; that the drinking water contains rust; that the food is inedible; and that there is both overcrowding and excessive isolation. Plaintiff reiterates that these conditions are intentionally maintained to induce detainee-inmates to plead guilty to whatever criminal charges upon which they are being detained. (*Id*. at 3–4).

Plaintiff concludes by asserting that, although he has always maintained his innocence of the new criminal charges, he is being pressured by the intolerable jail conditions and fear for his safety to plead guilty. He contends that this pressure campaign is the product of collusion between Defendant Edwards, Defendant Cottrill, and "others." (*Id*.).

Plaintiff names as Defendants: defense attorney Keith Alan Edwards, Muskingum County Sheriff Matt Lutz, Muskingum County Jail administrator David C. Suciu, Muskingum County Prosecutor Ronald Welch, Assistant Muskingum County Prosecutor John F. Litle, and Muskingum County Court of Common Pleas Judge Kelly J. Cottrill (whom Plaintiff names twice with two different addresses). (Doc. 2 at 1–2).

In relief, Plaintiff requests:

(1) Compensatory damages from Defendants Lutz and Suciu in excess of $25,000 each;

(2) Punitive damages from Defendants Lutz and Suciu in excess of $25,000 each;

(3) Declaratory judgment that Defendants' actions violated Plaintiff's

6

constitutional rights;

(4) Injunctive relief order Defendants to remedy unconstitutional conditions;

(5) Order replacement counsel for Plaintiff and appoint another judge and special prosecutor from another county;

(6) Allow Plaintiff to be detained in another facility, such as the prison where he is now serving time, and only to be in Muskingum County during times his presence is required in the courthouse and then immediately returned to the prison after any court hearing;

(7) Appoint counsel and award Attorney's fees and costs under 42 U.S.C. § 1988; and

(8) Any further relief the Court deems just and proper.

(Doc. 2 at 5).

## III.    Analysis

Based on the above allegations, Plaintiff raises four stated claims for relief. He raises Eighth and Fourteenth Amendment claims in Count I accusing Defendants of creating and maintaining unconstitutional jail conditions in order to coerce Plaintiff and other detainees into pleading guilty; Sixth and Fourteenth Amendment claims in Count II alleging that any guilty plea Plaintiff enters would not be voluntary but the product of coercion by state officials; a conspiracy to violate civil rights under 42 U.S.C. § 1985 in Count III alleging that Defendants conspired to deprive him of constitutional rights through coordinated actions; and a state-law legal malpractice claim in Count IV alleging that Defendant Edwards breached duties owed to Plaintiff by failing to timely file necessary pleadings, failing to conduct reasonable investigation or discovery, providing incorrect or misleading legal advice, failing to adequately communicate with Plaintiff, and colluding with other Defendants to induce Plaintiff to plead guilty, knowing that the conditions of the jail would make it more likely that Plaintiff would do so. (Doc. 2 at 4).

7

Plaintiff's Complaint is subject to dismissal at the screening stage, 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b), for several reasons.

### A.     Official Capacity

As a preliminary matter, Plaintiff does not state whether he is suing the Defendants in their official capacities or their individual capacities. *(See generally* Doc. 2)*.* However, Plaintiff's claims against Defendants in their official capacities are subject to dismissal to the extent that he seeks monetary damages. Absent an express waiver, a state is immune from damages suits under the Eleventh Amendment. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (and cases cited therein); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes No. 1 and No. 2*, 694 F.2d 449, 460 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663 (citations omitted); *Ford Motor Co. v. Dep't of Treasury of State of Indiana*, 323 U.S. 459, 464 (1945). A suit against Defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which Defendants are agents. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)).

Because all of the properly named Defendants are immune from suit in their official capacities to the extent that Plaintiff seeks monetary damages, the claims against the properly named Defendants in their official capacities should **be DISMISSED with prejudice**.

### B.  Remaining Defendants in their Individual Capacities

Beyond the foregoing, the following claims against the remaining named Defendants should be dismissed because they are entitled to other forms of immunity, because they are not "state actors" within the meaning of § 1983, or because Plaintiff's allegations against them are insufficient to state a claim relief upon which relief may be granted.

#### 1.  *Judge and Prosecutors*

Plaintiff names as Defendants Muskingum County Court of Common Pleas Judge Kelly J. Cottrill, as well as Muskingum County Prosecutor Ronald Welch and Assistant Muskingum County Prosecutor John Litle.  But generally, they are immune from suit because of judicial and prosecutorial immunity.

Construed liberally, Plaintiff alleges that Judge Cottrill's rulings on motions in the criminal cases against Plaintiff and collusion with the other Defendants to coerce Plaintiff into pleading guilty violate Plaintiff's federal constitutional rights.  But Defendant Contrill is protected by judicial immunity, which shields judges and other public officers "from undue interference with their duties and from potentially disabling threats of liability."  *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982).  "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citation omitted).  Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity and if the actions taken were in absence of all jurisdiction.  *Id*. at 11–12.  In

9

deciding whether an act is judicial in nature, the Court should consider (1) "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge; and (2) whether [the parties] dealt with the judge in his judicial capacity." *Id*. at 12.  Without expressing any opinion as to the veracity of Plaintiff's allegations, the Undersigned finds that Plaintiff has not plausibly alleged any facts that would show Defendant Contrill acted outside the scope of his judicial capacity, or that he acted in the absence of all jurisdiction.  That being so, Defendant Cottrill is entitled to judicial immunity and Plaintiff's claims against him should **be DISMISSED with prejudice**.

As to Defendants Welch and Litle, Plaintiff alleges that they presented false information to the grand jury and colluded with Defendant Cottrill to coerce Plaintiff into pleading guilty, both by moving to have Plaintiff tried jointly with another individual (whom Defendants allegedly incentivized to testify against Plaintiff) and by subjecting Plaintiff to deplorable jail conditions. Prosecutors are "absolutely immune from liability" for their actions that are "intimately associated with the judicial phase of the criminal process."  *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (citation and quotations omitted).  "[A]bsolute immunity," however, "may not apply when a prosecutor is not acting as 'an officer of the court,' but is instead engaged in other tasks, say investigative or administrative tasks."  *Id*. at 342 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 n.33 (1976)).  Again, without expressing any opinion as to the veracity of Plaintiff's allegations, the Undersigned finds that they do not plausibly show that Defendants Welch and Litle were not acting as officers of the court at the time of their alleged misconduct. Defendants Welch and Litle are thus entitled to prosecutorial immunity and Plaintiff's claims against them should **be DISMISSED with prejudice**.

2. *Defense Counsel*

10

Plaintiff also names as a Defendant his defense attorney, Keith Alan Edwards.  To state a claim under 42 U.S.C. § 1983, Plaintiff must plead "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) *caused by a person acting under color of state law*." *Hunt v. Sycamore Community School Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (emphasis added) (citation omitted).  A defense attorney, whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color or law within the meaning of § 1983.") (citing *Dodson*, 454 U.S. at 318).  And even though a defense attorney is generally not immune from § 1983 liability for conspiracies to deprive clients of their constitutional rights, *see Tower v. Glover*, 467 U.S. 914, 916 (1984), Plaintiff's vague and conclusory allegations of conspiracy are insufficient to state a cognizable claim under § 1983.  *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987); *see also Twombly*, 550 U.S. at 555.  *Cf. Horton v. Martin*, 137 F. App'x 773, 775–76 (6th Cir. 2005) (affirming dismissal of § 1983 claim against attorney who represented the plaintiff in a parole revocation hearing given the lack of any "factual support or evidence upon which a conspiracy [with state officials] could be based.").

Attorney Edwards is not a state actor under color of state law capable of being sued under 42 U.S.C. § 1983 and Plaintiff's claims against him should **be DISMISSED with prejudice**.  For the same reasons, Plaintiff's Motion for Default Judgment against Defendant Edwards (Doc. 8) should **be DISMISSED with prejudice**.

11

### C. Remaining Claims

The remainder of Plaintiff's § 1983 claims should also be dismissed.

#### 1. Claims challenging ongoing criminal prosecution

Construed liberally from the Complaint, Plaintiff raises allegations and claims challenging the validity of the criminal indictments returned against him in Muskingum County cases CR2025-0180 and CR2024-0313. Plaintiff alleges that Defendants are colluding to coerce him into pleading guilty to the charges (including by subjecting Plaintiff to deplorable jail conditions); alludes that false evidence was presented to the grand jury; and contends that prosecutorial decisions and judicial rulings have been issued to coerce Plaintiff into pleading guilty and to retaliate for Plaintiff's prior actions in exposing ex parte communications between Defendant Litle and a common pleas judge (not named as a defendant in this matter). Plaintiff also alleges violations of his rights to due process and a fair trial. In relief, Plaintiff seeks, among other things, an order replacing his current counsel[2], as well as an order appointing a judge and special prosecutor from another county. (Doc. 2 at 5).

The doctrine set forth in *Younger v. Harris* prevents this Court from granting such relief. 401 U.S. 37, 44–45 (1971). Federal courts "must decline to interfere," or abstain from, "pending state proceedings involving important state interests unless extraordinary circumstances are present." *Leveye v. Metro. Pub. Def. Off.*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 44–45). The *Younger* abstention doctrine allows "state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully

---

[2] Defendant Cottrill states in his Motion to Dismiss that he recently granted Plaintiff's counsel's motion to withdraw from Plaintiff's criminal cases. (Doc. 3 at 3).

litigate his claim before the state court." *Burton v. Fentress Cnty. Jail*, No. 2:15-cv-51, 2015 WL 5672989, at *3 (M.D. Tenn. Sept. 25, 2015) (quoting *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986)).  Abstention under *Younger* is appropriate where "(1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995) (citation omitted).

Here, Plaintiff's requests for declaratory and injunctive relief[3] involving the two criminal prosecutions against him fall squarely within the type of interference that *Younger* proscribes. (Doc. 2 at 28); *Burton*, 2015 WL 5672989, at *2 (*Younger* abstention applies to requests for declaratory and injunctive relief) (citing *Carroll v. City of Mount Clemons*, 139 F.3d 1072, 1074 (6th Cir. 1998)).  As to the first two factors, the two criminal prosecutions against Plaintiff are ongoing and an important state interest is at stake, since "state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere." *Leveye*, 73 F. App'x at 794 (citing *Younger*, 401 U.S. at 43–45).

The only question that remains to be answered is whether the state court provides Plaintiff an opportunity to raise his constitutional claims.  The answer is yes.  First, the Court must "presume that the state courts are able to protect the interests of the federal plaintiff." *Kelm*, 44 F.3d at 420 (citation omitted).  The burden is on Plaintiff to show otherwise. *Meyers v. Franklin Cnty. Ct. of*

---

[3] Plaintiff's request for monetary damages appears to be limited to Defendants Lutz and Suciu and solely in connection with Plaintiff's claims about unconstitutional conditions in the Muskingum County Jail. (Doc. 2 at 5).  And they do not appear to challenge or implicate the criminal prosecutions against Plaintiff. In any event, generally, "where a plaintiff brings § 1983 claims for monetary damages in federal court but the federal court finds that *Younger* applies, federal courts . . . favor a stay of the federal proceedings over dismissal." *Carter v. Tennessee Dep't of Children's Servs.*, No. 3:22-cv-247, 2023 WL 2027804, at *6 (M.D. Tenn. Feb. 15, 2023) (collecting cases).  Here, however, a stay would be inappropriate because Plaintiff's claims are otherwise subject to dismissal. *See Wheat v. Pub. Defs. Off.*, No. 5:15-cv-294, 2015 WL 4877236, at *2 (M.D. Ga. Aug. 14, 2015) (collecting cases).

*Common Pleas*, 23 F. App'x 201, 205 (6th Cir. 2001) (citation omitted).  Plaintiff does not plausibly assert, and the Undersigned is not otherwise persuaded, that he cannot raise his constitutional claims in state court at trial—or in an eventual appeal if convicted.  *See, e.g.*, *Fieger v. Cox*, 524 F.3d 770, 775–76 (6th Cir. 2008) (noting that federal plaintiffs could file motions in the state court, challenge procedural irregularities on appeal, or challenge certain evidence in the state court).

With all three factors met, the Court should abstain and **DISMISS without prejudice** Plaintiff's claims relating to the criminal prosecutions against him.

### 2. Denial of Access to Courts

Naming Defendants Sheriff Lutz and jail administrator Captain Suciu, Plaintiff alleges that the Muskingum County Jail does not provide sufficient, up-to-date legal resources, such as access to LexisNexis, or to necessary materials, such as adequate writing utensils, and thus denies detainee-inmates their First Amendment right to access to the courts.  (Doc. 2 at 3).  Although prisoners may not be denied access to the courts, to state a claim upon which relief may be granted under § 1983 stemming from the lack or inadequacy of a law library, a plaintiff must demonstrate actual prejudice in an existing or contemplated proceeding.  *See Lewis v. Casey*, 518 U.S. 343, 351–53 (1996); *Hadix v. Johnson*, 182 F.3d 400, 405–06 (6th Cir. 1999); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  Additionally, the plaintiff must show that the underlying action or claim allegedly prejudiced is not frivolous.  *Lewis*, 518 U.S. at 353–54; *Hadix*, 182 F.3d at 406; *Krouskoupf v. Muskingum Cty. Jail*, No. 2:19-cv-3045, 2019 WL 4345691, at *5 (S.D. Ohio Sep. 12, 2019).

Here, Plaintiff does not credibly assert that lack of access to adequate legal resources

14

denied him access to the Courts. Case in point: he has been able to file pleadings in this Court. As to the two criminal prosecutions against him state court, Plaintiff is represented by counsel to defend him against those charges. The Court is mindful that Plaintiff complains that his counsel refuses to defend him and, in collusion with other Defendants, is urging him to plead guilty. That said, criminal defendants generally are not entitled to "hybrid" representation, where they are both represented by counsel and represent themselves pro se, *see, e.g.*, *State v. Martin*, 103 Ohio St.3d 385, 391 (2004). Plaintiff cannot offer alleged barriers to his access to the state court in his pending criminal prosecutions as evidence that inadequate legal resources at the Muskingum County Jail have violated his First Amendment right to access to the courts. *See, e.g.*, *Rayner v. City of Louisville Metro*, No. 3:09-cv-P488-M, 2010 WL 881736, at *4 (W.D. Ky. Mar. 5, 2020) ("[W]here a pretrial detainee is represented by counsel, a jail cannot be said to have interfered with his right of access to the courts regardless of the nature of its law library, as the access right is adequately protected by the inmate's legal counsel.") (citing *Leveye*, 73 F. App'x at 794).

To the extent Plaintiff challenges the manner in which grievances about access to legal services are handled, that claim cannot prevail in § 1983. A prisoner has the right to file grievances against prison officials. *Heyward v. Cooper*, 88 F.4th 648, 657 (6th Cir. 2023) (quoting *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)). But the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Thompson v. Marietta Educ. Ass'n*, 972 F.3d 809, 814 (6th Cir. 2020) (quoting *Smith v. Ark. State Highway Emps., Loc. 1315*, 441 U.S. 463, 464–65 (1979) (per curiam)); *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (affirming dismissal of a § 1983 claim concerning limited access to the grievance procedure because there is

15

no "constitutional right to unfettered access to a grievance procedure.").

Therefore, Plaintiff's access to the courts claim should **be DISMISSED with prejudice** for failure to state a claim.

### 3.      Conspiracy to Violate Civil Rights under 42 U.S.C. § 1985

Plaintiff alleges that the Defendants—including those entitled to some level of immunity, such as prosecutors, the common pleas judge, and his defense attorney—conspired to deprive him of constitutional rights through coordinated actions. Plaintiff asserts that the Defendants, acting in concert, utilized the deplorable conditions of the county jail where Plaintiff was detained; false evidence presented to the grand jury; an improperly motivated motion to jointly try Plaintiff with another individual; and irregular judicial rulings with respect to the two criminal prosecutions against him to violate his Sixth, Eighth, and Fourteenth Amendment rights to a fair trial, to due process, and against cruel and unusual punishment.

In the Sixth Circuit, conspiracy claims must be pleaded "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus*, 409 F. App'x 826, 835 (6th Cir. 2010) (citations omitted); *see also Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity."). A conspiracy claim under § 1985 requires Plaintiff to allege not only that the Defendants conspired together for the purpose of depriving Plaintiff of the equal protection of the laws and that the Defendants committed an act in furtherance of the conspiracy, but also that the conspiracy was motivated by a racial, or other class-based discriminatory animus. *See Bruggeman v. Paxton*, 15 F. App'x 202, 205 (6th Cir. 2001); *see also Vakilian v.*

16

*Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (and cases cited therein). Plaintiff's allegations meet neither of these conspiracy standards.

Plaintiff's allegations, even construed liberally, lack the requisite specificity or supporting material facts to establish conspiratorial objective, or other plan, to deprive Plaintiff of constitutionally protected rights. Similarly, Plaintiff has alleged no facts credibly suggesting that Defendants were motivated by a racial or class-based discriminatory animus, much less that they shared a common discriminatory objective. Plaintiff's conspiracy claims should be **DISMISSED with prejudice** for failure to state a claim.

### 4.    Conditions of Confinement

Plaintiff alleges a number of allegedly unconstitutional conditions at the Muskingum County Jail, including that fees are charged for medical care; that there is an infestation of rodents and insects; that rusted and corroded plumbing create inoperable showers and rusted drinking water; and that the food is inedible. (Doc. 2 at 3–4).

As a preliminary matter, the Defendants implicated in this claim are Sheriff Lutz, jail administrator Captain Suciu, Prosecutor Welch, Assistant Prosecutor Litle, and Judge Cottrill. To state a claim against a defendant in his or her individual capacity, a plaintiff must allege personal involvement by the defendant in causing Plaintiff's injury. *Hardin v. Straub*, 954 F.2d 1193, 1196–98 (6th Cir. 1992). A party cannot be held liable under § 1983 unless the party personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) ("There is no claim in this case that the Sheriff directly participated in or encouraged the alleged deprivations of Leach."). Plaintiff names Sheriff Lutz and Captain Suciu without

17

alleging that they had any direct involvement in the constitutional violations that Plaintiff alleges. Plaintiff names Judge Cottrill for being aware of, but neglecting to remedy, the alleged unconstitutional conditions.  But an official's purported failure to investigate or take corrective action does not constitute personal involvement in the underlying alleged unconstitutional conduct.  *Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992) ("The defendants' failure adequately to investigate claims of racial harassment in this case did not, in our view, rise to the level of 'encouragement.'").

In the absence of any specific allegations of personal involvement by these Defendants, Plaintiff must allege supervisory liability.  And to state a claim under § 1983 against supervisory personnel, Plaintiff must allege that a claimed constitutional violated was based on active unconstitutional behavior, *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002), and cannot be based on the mere right to control employees.  *Venema v. West*, 133 F.4th 625, 633 (6th Cir. 2025) (holding that an official "'cannot be held liable simply because … she was charged with overseeing' the subordinate officers who violated the plaintiff's constitutional rights." (quoting *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016)).  That is, Plaintiff must "'show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . .'" *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).  Plaintiff has not alleged personal involvement by any of these three Defendants.  And it is questionable whether he has sufficiently pleaded allegations to satisfy the requirements for supervisor liability.  But no matter; none of his challenges to the conditions of confinement state a claim under § 1983.

18

Generally, "[t]he Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones, and . . . 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (first quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), then quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)).  Thus, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Pfeiffer v. Butler Cty. Sheriff Dep't*, No. 1:10-cv-672, 2012 WL 1203557, at *8 (S.D. Ohio Apr. 10, 2012) (citing *Farmer*, 511 U.S. at 832).  The Eighth Amendment protects prison inmates from "extreme deprivations" that deny "the minimal civilized measure of life's necessities."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations omitted).

Importantly, "the Eighth Amendment does not apply to pretrial detainees like [Plaintiff]."[4]  *Greene v. Crawford Cty., Michigan*, 22 F. 4th 593, 605 (6th Cir. 2022) (citing *Graham ex rel. Est. of Graham v. Cty. Of Washtenaw*, 358 F.3d 377, 382 n.3 (6th Cir. 2004)).  Instead, state pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment.  *Greene*, 22 F.4th at 605.  The Due Process Clause "provides similar if not greater protections than the Cruel and Unusual Punishments Clause" of the Eighth Amendment. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 n.9 (2007).  To state a claim under either the Fourteenth or Eighth Amendment in this context, a plaintiff must allege that an objectively "sufficiently serious"

---

[4] Defendants Lutz and Suciu suggest that Plaintiff is a convicted prisoner currently serving time, and not a pretrial detainee. (Doc. 4 at 7).  Although Plaintiff was serving time for another criminal conviction at the time he was accused of committing the offenses that are the subject of the two Muskingum County prosecutions against him, his time spent at the Muskingum County Jail was as a pretrial detainee in connection with those two cases, not as a convicted prisoner serving time for a previous conviction.  Defendants offer no authority for their assertion, and the Undersigned finds it unpersuasive.

19

deprivation has occurred, "resulting in a denial of the 'minimal civilized measure of life's necessities.'" *Francis v. Altiere*, 491 F. App'x 539, 541 (6th Cir. 2012) (quoting *Farmer*, 511 U.S. at 834); *Spencer*, 449 F.3d at 728. "Also, the prison official's 'state of mind [must be] one of deliberate indifference to inmate health or safety.'" *Francis*, 491 F. App'x at 541 (quoting *Spencer*, 449 F.3d at 728). Thus, such claims involve an objective component and a subjective component. Guided by these principles, the Undersigned turns to each of Plaintiff's allegations.

Plaintiff alleges "[i]f a detainee has a headache or other illness while at the JAIL, he or she is charged a fee for each headache or other reported illness which deters detainees from asking for medical assistance." (Doc. 2 at 3). This allegation suffers from a number of deficiencies. First, Plaintiff has not alleged that he was personally subjected to injury from these alleged violations. *See, e.g.*, *Corn v. Sparkman*, No. 95-5494, 1996 WL 185753, at *1 (6th Cir. Apr. 17, 1996) ("A prisoner cannot bring claims on behalf of other prisoners. A prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights." (citation omitted)). He alleges no serious medical need that any jail personnel deliberately ignored. And again, Plaintiff does not have standing to bring § 1983 claims on behalf of other detainees. *See Barnett v. Luttrell*, 414 F. App'x 784, 787 (6th Cir. 2011) (citing *Jones v. Caruso*, 569 F.3d 258, 276–77 (6th Cir. 2009); *Corn*, 1996 WL 185753, at *1. This allegation is insufficient to state a § 1983 claim under the most basic pleading standards.

Plaintiff makes the conclusory statement that Muskingum County Jail has "rodent and insect problem[.]" (Doc. 2 at 3). This claim fails to allege facts showing the type of extreme deprivations necessary to state a plausible § 1983 claim no matter how liberally construed. *See, e.g.*, *Figueroa v. Cty. of Rockland*, No. 16-cv-6519, 2018 WL 3315735, at *7 (S.D.N.Y. July 5,

20

2018) (allegations of temporary exposure to insect infestation, lack of ventilation, and bodily fluids on the walls were insufficient to raise constitutional concerns); *Newsom v. Hall*, No.3:12-cv-811, 2012 WL 3579547, at *3 (M.D. Tenn. Aug. 17, 2012) ("The Court therefore finds that his allegations regarding the insect in his food and the sight of insects in the dining room do not rise to the level of a constitutional violation). And again, in addition to these conditions generally failing to raise constitutional concerns, Plaintiff alleges no injury, harm, or deprivation that he personally suffered.

Plaintiff alleges that "the plumbing is rusted and corroded, and, in some cases, detainees must stick a pencil in the shower head to start and stop the flow of water or must drink rust water that has caused medical problems to some of the detainees . . . ." (Doc. 2 at 3). Here again, Plaintiff has not alleged that he was personally subjected to harm from these alleged violations. And the Undersigned hastens to reiterate that Plaintiff does not have standing to bring § 1983 claims on behalf of other detainees. *See Barnett*, 414 F. App'x at 787. In any event, because Plaintiff's allegation falls short of alleging any sort of extreme deprivation, he has not pleaded "enough facts to state a claim to relief that is plausible on its face" with respect to the water quality and plumbing at the Muskingum County Jail. *Twombly*, 550 U.S. at 570.

Plaintiff alleges that "[n]one of the Defendants would dare eat the food they serve at the JAIL. The food is such that it is an additional design to induce a detainee into a plea agreement." (Doc. 2 at 3). Although "[p]rison officials are required to provide inmates with adequate food . . . [c]omplaints about the preparation or quality of prison food generally do not amount to Eighth Amendment violations." *Shirley v. Hynes-Simms*, No. 3:21-cv-467, 2021 WL 3550729, at *6 (M.D. Tenn. Aug. 11, 2021) (citations omitted). A claim reaches the constitutional threshold

21

"only when the food provided is inadequate 'to maintain normal health.'" *Perdue v. Ohio Dep't of Corr.*, No. 1:13-cv-878, 2014 WL 661707, at *6 (S.D. Ohio Feb. 19, 2014) (quoting *Cunningham v. Jones*, 567 F.2d 653, 660 (6th Cir. 1977)). Plaintiff makes no allegations that the food at the Muskingum County Jail is inadequate to maintain health or that his health suffered.

Underlying Plaintiff's conditions-of-confinement claims is his contention that Defendants deliberately maintain the "deplorable" conditions in order to coerce guilty pleas. (Doc. 2 at 4). This allegation belongs in the category of a conspiracy claim, which the Undersigned has already found insufficient to state a claim for relief. And although factual allegations at this stage of the proceedings are to be liberally construed and generally accepted, they must also present "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570). Plaintiff's accusation that Defendants deliberately maintain deplorable jail conditions does not meet this pleading standard.

In short, beyond stating in conclusory fashion that conditions are unsanitary and unsafe, that adequate medical care is not provided, that he was subjected to both overcrowding and excessive isolation, and that the quality of food and water is constitutionally inadequate (Doc. 2 at 3–4), Plaintiff fails to offer any factual allegations that would enable the Undersigned to determine whether Plaintiff can demonstrate that the food is insufficient to maintain normal health, that the conditions impose extreme deprivations, or that prison officials demonstrate a deliberate indifference to both. *See, e.g.*, *Fennell v. Bonner*, No. 2:20-cv-2844-JTF-atc, 2021 WL 3891590, at *7 (W.D. Tenn. Aug. 31, 2021) (stating plaintiff's mere "characterization of

22

[his] housing as 'unsanitary' does not suffice to render those accommodations unconstitutional."); *see also Geder v. Godinez*, 875 F. Supp. 1334, 1341 (N.D. Ill. 1995) (noting allegations of unsanitary conditions, "including the presence of defective pipes, sinks, and toilets, improperly-cleaned showers, a broken intercom system, stained mattresses, accumulated dust and dirt, and infestation by roaches and rats," are not sufficiently serious to satisfy the objective component of an Eighth Amendment violation).  Plaintiff thus fails to offer any factual allegations from which the Undersigned could determine whether Plaintiffs can satisfy either the objective or subjective component of a conditions-of-confinement claim.

The Undersigned **RECOMMENDS** that Plaintiff's claims challenging the constitutionality of the conditions of confinement at the Muskingum County Jail **be DISMISSED with prejudice** for failure to state a claim.

5.      *State law claims*

To the extent that Plaintiff raises a state law claim of attorney malpractice, it is **RECOMMENDED** the Court **decline** to exercise supplemental jurisdiction over this claim, and **DISMISS it without prejudice**, if the Court dismisses all federal claims over which it has original jurisdiction. *See, e.g.*, *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("If the federal claims are dismissed before trial, the state claims generally should be dismissed as well.") (citations omitted).

**IV.      Motions to Dismiss**

Defendant Kelly J. Cottrill (Doc. 3) and Defendants John F. Litle, Matt Lutz, David Suciu, and Ronald Welch (Doc. 4), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), move to dismiss Plaintiff's claims against them.

23

A.      **Legal Standards**

When a defendant moves to dismiss under both Rule 12(b)(1) and 12(b)(6), the Court must consider the 12(b)(1) first because the 12(b)(6) motion will become moot if the Court lacks subject-matter jurisdiction. *City of Health v. Ashland Oil, Inc.*, 834 F. Supp. 971, 975 (S.D. Ohio 1993) (citation omitted). Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move to dismiss for lack of subject-matter jurisdiction. Jurisdictional challenges under that Rule come in two forms, both facial and factual. *See Hanrahan v. Mohr*, No. 2:13-cv-1212, 2015 WL 1476551, at *2 (S.D. Ohio Mar. 31, 2015) (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996)). A facial challenge under Rule 12(b)(1) "questions merely the sufficiency of the pleading." *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (cleaned up), *overruled on other grounds Freed v. Thomas*, 81 F.4th 655, 657–58 (6th Cir. 2023). When a facial challenge is raised, the Court need not look outside the pleadings to decide whether it has jurisdiction and must consider all of Plaintiff's allegations as true. *See Hanrahan*, 2015 WL 1476551, at *2 (citing *RMI Titanium Co.*, 78 F.3d at 1134). A factual challenge questions the factual existence of subject-matter jurisdiction, in which case no presumptive truthfulness applies to the factual allegations. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In the context of a factual challenge, a reviewing court may weigh the evidence in order to satisfy itself that it has power to hear the case. *Id*.

When subject-matter jurisdiction is challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citation omitted).

24

Rule of Civil Procedure 12(b)(6) requires that a complaint "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. A complaint which falls short of this Federal Rules of Civil Procedure 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When evaluating a Rule 12(b)(6) motion to dismiss, courts must construe the complaint in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Coley v. Lucas Cty., Ohio*, 799 F.3d 530, 537 (6th Cir. 2015) (citation omitted); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). While the complaint need not contain detailed factual allegations, it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* To reiterate, even though a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, the standards set forth above apply.

Regarding exhibits apart from the Complaint, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."[5] *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### B.      Defendant Kelly J. Cottrill (Doc. 3)

Defendant Kelly J. Cottrill, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), moves to dismiss the claims against him on grounds that he is entitled to absolute immunity as a state court judge, that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, and

---

[5] Plaintiff attached exhibits to his Memorandum in Opposition (Doc. 9) and his Supplemental Memorandum in Opposition (Doc. 10). Because those exhibits did not alter the Undersigned's resolution of the arguments, it is not necessary to address whether they were improvident.

that the Complaint is barred by the *Younger* abstention doctrine. Defendant should prevail on all three arguments.  The Undersigned turns first to *Rooker-Feldman* and *Younger*.

Defendant Cottrill asserts that this Court lacks subject-matter jurisdiction over Plaintiff's claims against him under the *Rooker-Feldman* doctrine.  A motion to dismiss for lack of subject-matter jurisdiction pursuant to *Rooker-Feldman* is a facial challenge to a court's subject-matter jurisdiction because the doctrine limits a district court's jurisdiction over cases and controversies. *See King v. CitiMortgage, Inc.*, No. 2:10-cv-1044, 2011 WL 2970915, at *5 (S.D. Ohio July 20, 2011).

The *Rooker-Feldman* doctrine originates from two Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).  The doctrine "embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009).  The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005).  "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548.  Notably, the decision of the state court need not be a "final judgment" to implicate *Rooker-Feldman*; all that is required is that the state court issued

a "merits determination," as opposed to taking a "merely ministerial" action. *See RLR Invs., LLC v. City of Pigeon Forge, Tennessee*, 4 F. 4th 380, 389, 393 (6th Cir. 2021) (holding that a state court decision is a "judgment" for *Rooker-Feldman* purposes if the state-court judge "investigates, declares and enforces liabilities as they stand on present or past facts and under laws.") (quoting *Feldman*, 460 U.S. at 479). Thus, "if the plaintiff has a claim that is in any way independent of the state-court judgment, the *Rooker-Feldman* doctrine will not bar a federal court from exercising jurisdiction." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (cleaned up).

Here, Plaintiff asks this Court to find that Defendant Cottrill's rulings on motions, appointment of defense counsel, and other actions in presiding over two criminal prosecutions against Plaintiff violated Plaintiff's federal constitutional rights. But Defendant performed those acts in furtherance of his duties as a duly elected state common pleas judge, and that exempts them from review by this Court even if they were not "final judgments." *See, e.g.*, *Hall v. Callahan*, 727 F.3d 450, 454 (6th Cir. 2013) ("[I]f this court construes *Rooker-Feldman* to allow attacks on a state court's procedural error, then federal courts could extensively review state court trial proceedings, a task belonging to state appellate courts.").

Plaintiff argues that *Rooker-Feldman* does not apply because he is not raising any challenge to any state-court judgment, and instead, is alleging only constitutional violations stemming from unconstitutional jail conditions, deliberate coercion of plea agreements, denial of access to courts, retaliatory prosecution, and extra-judicial collusion. (Doc. 9 at 4–5). "These injuries," he reasons, "are not caused by a court judgment, but by executive and administrative conduct." (*Id*. at 5). Additionally, he asserts that conditions-of-confinement claims are

27

"categorically" outside *Rooker-Feldman*.  Finally, Plaintiff argues that allegations of collusion and extra-judicial conduct defeat *Rooker-Feldman*.  (*Id*. at 106).  Plaintiff's arguments miss the mark.

First, as noted above, several of Petitioner's allegations directly challenge Judge Cottrill's ruling and other actions in presiding over the criminal cases against Petitioner in Judge Cottrill's role as common pleas judge.  It is immaterial that those rulings and actions are not "final" judgments.  *RLR Invs., LLC*, 4 F. 4th at 389.  As for Plaintiff's assertion that conditions-of-confinement claims fall outside *Rooker-Feldman*, Defendant Cottrill responds, and the Undersigned agrees, that Defendant has no control over the Muskingum County Jail.  (Doc. 12 at 1–2).  Plaintiff's insistence that Defendant Cottrill nonetheless owes a duty to remedy unconstitutional conditions and actions in the jail does not save Plaintiff's argument.  (Doc. 9 at 5–6; *see also* Doc. 10 at 1–3 (arguing against protection of judicial immunity)).  The Undersigned has found that Plaintiff's conditions-of-confinement allegations fail to state a claim and has questioned whether Plaintiff raised any allegations implicating supervisory liability on the part of Judge Cottrill.  Finally, the Undersigned has also found that Plaintiff fails to state a claim of collusion and extra-judicial conduct that would place Judge Cottrill's actions outside of *Rooker-Feldman*.

Thus, to the extent Plaintiff is asking this Court to review any of Defendant Cottrill's rulings or other actions in presiding over the criminal prosecutions against Plaintiff, the Undersigned finds that such challenges fall within the confines of the *Rooker-Feldman* doctrine.

Even if Plaintiff's claims against Defendant Cottrill were not barred by *Rooker-Feldman*, review of them by this Court would be precluded by the *Younger* abstention doctrine discussed

28

above, since the state criminal prosecutions against Plaintiff remain ongoing. *See Younger v. Harris*, 401 U.S. 37. A motion to dismiss for lack of subject-matter jurisdiction pursuant to application of *Younger*, as with *Rooker-Feldman*, challenges a district court's jurisdiction over cases and controversies. *See Mall v. Educational Service Center of Central Ohio*, No. 2:19-cv-4795, 2020 WL 3173149, at *3–4 (S.D. Ohio June 15, 2020) (Morrison, J.) (granting Rule 12(b)(1) motion to dismiss on the basis of *Younger* abstention doctrine); *see also Cooper v. Rapp*, No. 2:16-cv-163, 2016 WL 7337521, at *5, n.6 (S.D. Ohio Dec. 19, 2016) (Marbley, J.) ("This Court will consider Defendants' argument for dismissal based on *Younger* abstention as an argument for dismissal under Rule 12(b)(1), (citation omitted), although courts also hold that "a claim may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if the matter is appropriately within the principles of *Younger* abstention." *Hartfield v. E. Grand Rapids Pub. Sch.*, 960 F. Supp. 1259, 1267 (W.D. Mich. 1997)).

Plaintiff does not really challenge the existence of the three *Younger* factors. Rather, he argues that the *Younger* doctrine should not apply here because the "bad faith" and "extraordinary circumstances" exceptions to *Younger* apply. (Doc. 9 at 6–7). Plaintiff bears the burden of proving exceptions to *Younger*, and "the exceptions are rarely applied." *Southwest Metals, Inc. v. City of Detroit*, No. 2:15-cv-11080, 2015 WL 1737603, at *3 (citing *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 539 (6th Cir. 2001)). That requires Plaintiff to prove bad faith, harassment, or flagrant unconstitutionality. *Trainor v. Hernandez*, 431 U.S. 434, 446–47 (1977); *Fieger*, 74 F.3d at 750. Plaintiff argues the bad-faith and extraordinary circumstances exceptions together.

As to the bad-faith exception, a District Judge within this Court recently observed:

29

> [I]ndeed, as this Court has recognized, "no Sixth Circuit case … has ever authorized federal intervention under the bad faith or harassment exception." *Kalniz [v. Ohio State Dental Bd.*, 699 F. Supp. 2d 966, 973 (S.D. Ohio 2010)]. Findings of bad faith are instead limited to extreme facts, such as when Texas city police officers "repeatedly engaged in searches and seizures they knew to be unlawful," or when a county prosecutor office "filed twelve separate actions … in order to harass the plaintiffs and drain them of all their financial resources." *Id*. at 973-74 (citing *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82 (5th Cir. 1992); *Video Store, Inc. v. Holcomb*, 729 F. Supp. 579, 580 (S.D. Ohio 1990)).

*Gunderson*, 2025 WL 1424634, at *4 (Marbley, J.). *See also Davis v. Whitmer*, No. 1:19-cv-10569, 2019 WL 1326671, at *3 n.1 (E.D. Mich. Mar. 25, 2019) ("The Supreme Court has applied the bad faith or harassment exception to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions.") (cleaned up).

To satisfy the bad faith exception to *Younger*, Plaintiff bears the burden of alleging credible facts that Defendant Cottrill participated in the initiation of prosecutions to harass Plaintiff or deter protected conduct, and that Defendant did so "without a reasonable expectation" that a valid conviction would be obtained. *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975). *See also Caroline's Kids Pet Rescue v. Lake Humane Society*, No. 1:17-cv-297, 2017 WL 3976209, at *3 (N.D. Ohio Sep. 11, 2017) ("The Court finds that, at best, Plaintiffs' affidavits create issues of fact. That degree of proof might be sufficient to defeat summary judgment, but does not meet the necessary clear and convincing evidence standard for an injunction to issue."). As for the extraordinary circumstances exception, such exceptions include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53, 54; *see also Fieger*, 74 F.3d at 750. Plaintiff has not sustained his

30

burden plausibly alleging the existence of any exceptions to Younger, which are narrowly interpreted. *Kalniz v. Ohio State Dental Bd.*, 699 F. Supp. 2d 966, 973 (S.D. Ohio 2010) (citations omitted).

As evidence of bad faith and extraordinary circumstances, Plaintiff alleges that deplorable jail conditions are intentionally maintained to coerce pleas, that indictments and bond are used as leverage, that defense counsel colluded against Plaintiff, that there is judicial interference with filings, and that he has been systemically denied access to courts. (Doc. 9 at 7). These allegations fail to establish an exception to *Younger*, primarily because, as discussed above, they constitute the types of challenges and claims that Plaintiff can raise at trial or on appeal if convicted. Courts are required to accept allegations as true, but only if those allegations are plausible on their face. Plaintiff's allegations of these collusive actions fail to meet this pleading standard. Further, Plaintiff has not credibly shown "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction[]" sufficient to establish extraordinary circumstances disfavoring *Younger* abstention. *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

Even beyond *Rooker-Feldman* and *Younger*, as previously discussed, Defendant Cottrill enjoys judicial immunity. The defense of immunity presents a legal question which can be raised by a motion to dismiss under Rule 12(b)(6). *Bright v. Gallia Cty.*, 753 F.3d 639, 648 (6th Cir. 2014).

Plaintiff offers several arguments for why Defendant Cottrill is not entitled to the protections of judicial immunity, none of which are persuasive. (Doc. 9 at 3–4; Doc. 10). First, Plaintiff argues that judicial immunity does not apply because Plaintiff seeks only injunctive and

31

declaratory relief, not monetary damages. (Doc. 10 at 1). But the Undersigned has recommended that the Court reject Plaintiff's claims for the prospective relief he seeks from Judge Cottrill—namely involving allegedly unconstitutional conditions at the Muskingum County Jail. As discussed in screening the Complaint, Plaintiff failed to plausibly allege any facts that would show Defendant Contrill acted outside the scope of his judicial capacity, or that he acted in the absence of all jurisdiction. Plaintiff's allegations that there are ongoing, unconstitutional jail conditions that Judge Cottrill has deliberately ignored are insufficient to establish that Judge Cottrill was acting outside the scope of his duties as a judicial officer.

And to the extent that Plaintiff stresses he is suing Defendant Cottrill only in his official capacity for prospective, non-monetary relief, such claims are essentially claims against the Muskingum County Court of Common Pleas and are, contrary to Plaintiff's contention, barred by the Eleventh Amendment. *See Williams v. Parikh*, 708 F. Supp. 3d 1345, 1353 (S.D. Ohio Dec. 21, 2023 (Cole, J.) ("For § 1983 purposes, the courts of common pleas and their employees are deemed entities under the control of the *state* government, not the county government, because they derive governmental authority directly from the Ohio Constitution.") (footnote and citations omitted). Judge Cottrill is entitled to Eleventh Amendment immunity from Plaintiff's suit against him in his official capacity.

> A sister Court in the Northern District of Ohio explained:
>
> A judge's acts do not become non-judicial simply because they are erroneous or "in excess of his authority"; if that were the case, then "any mistake of a judge in excess of his authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." [*Mireles*, 502 U.S.] at 12.

*Luna v. Zouhary*, No. 3:18-cv-1932, 2018 WL 5295875, at *3 (N.D. Ohio Oct. 25, 2018). Further,

32

> An allegation of conspiracy is insufficient to defeat judicial immunity. *See Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) ("[A]llegations that a conspiracy produced a certain decision should no more pierce the actor's immunity than allegations of bad faith, personal interest or outright malevolence."); *Dorman v. Higgins*, 821 F.2d 133, 139 (2d Cir. 1987) (same).

*Id*. The Undersigned agrees.

Accordingly, the Undersigned **RECOMMENDS** that Defendant Cottrill's Motion to Dismiss pursuant to Rules 12(b)(1) and 12 (b)(6) be **GRANTED** and that Plaintiff's claims against Defendant Cottrill be **DISMISSED with prejudice**.

**C.     Defendants John F. Litle, Matt Lutz, David Suciu, and Ronald Welch (Doc. 4)**

Defendants John F. Litle, Matt Lutz, David Suciu, and Ronald Welch, pursuant to Fed. R. Civ. P. 12(b)(6), move to dismiss all claims against them on grounds that they are entitled absolute and/or qualified immunity and that the claims are barred by the *Younger* abstention doctrine.  Defendants' motion is mostly well taken.

Turning first to *Younger*, Defendants Welch, Litle, Lutz, and Suciu argue that there are pending criminal proceedings paralleling this case.  (Doc. 4 at 11).  The Undersigned has already determined that three *Younger* factors have been met, favoring abstention, and that Plaintiff has offered no factual allegations establishing any exceptions to the exercise of *Younger* abstention. Further, as noted above, Plaintiff has not plausibly shown "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction[]" sufficient to establish extraordinary circumstances disfavoring *Younger* abstention.  *Perz*, 401 U.S. at 85.  But *Younger* abstention applies only to Defendants Welch and Litle, given their roles as prosecutors in the criminal proceedings against Plaintiff.  *Younger* abstention should not apply to Defendants Lutz or Suciu.

Plaintiff's allegations against Sheriff Lutz and jail administrator Captain Suciu concern only their role in the conditions at the Muskingum County Jail that Plaintiff assails. Because Plaintiff's allegations against them do not implicate the criminal prosecutions pending against Plaintiff, *Younger* would not require the Court to abstain from adjudicating such claims. And Plaintiff's implausible claim that Defendants deliberately maintain deplorable conditions in order to coerce guilty pleas is insufficient to establish that Plaintiff's conditions-of-confinement allegations implicate the criminal prosecutions against him. But Defendants Lutz and Suciu do not require the protection of *Younger* abstention. For as explained above and reiterated below, Plaintiff's conditions-of-confinement challenges fail to state a claim.

Turning to the Defendants' other arguments, as previously discussed, Defendants Welch and Litle enjoy prosecutorial immunity. Plaintiff's unsupported allegations of conspiratorial intent and actions fall short of establishing that Defendants Welch and Litle were not acting as officers of the court in prosecuting the criminal cases against Plaintiff. Additionally, even if Plaintiff's allegations were sufficient to state a conditions-of-confinement claim, Plaintiff notably fails offer any factual allegations plausibly attaching personal or supervisory liability to Defendants Welch or Litle that would pierce their prosecutorial immunity. And the Undersigned has rejected wholesale Plaintiff's allegations of a civil conspiracy between Welch, Litle and the other Defendants relating to conditions in the Muskingum County Jail.

Defendants Sheriff Lutz's and Captain Suciu's arguments urging their dismissal (Doc. 4 at 5–11) have already been resolved in their favor. That is, with respect to the Muskingum County Jail, the Undersigned found unpersuasive Plaintiff's factual allegations that he has been denied his First Amendment for denial of access to the courts, that he suffered the denial of any

34

constitutional right for the manner in which grievances are processed, or that he has been subjected to unconstitutional conditions in violation of the Due Process Clause. Defendants Lutz and Suciu cannot be liable for claims that have not been sufficiently pleaded. Plaintiff fails to plausibly allege any deliberate indifference on their part to any serious harm on his part. And in the absence of any credible claims upon which relief may be granted, Defendants Lutz and Suciu bear no supervisor liability.

Accordingly, the Undersigned **RECOMMENDS** that the Motion to Dismiss by Defendants Litle, Lutz, Suciu, and Welch be **GRANTED** and that Plaintiff's claims against Defendant Cottrill be **DISMISSED with prejudice.**

## V. Motion to Appoint Counsel

Finally, Plaintiff asks that the Court appoint him counsel. (Doc. 10). Although the Court has the statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane,* 992 F.2d 601, 605–06 (6th Cir. 1993) (internal quotation omitted). Rather, "it is a privilege that is justified only by exceptional circumstances." *Id.* at 606. After considering the circumstances here, the Court finds that the appointment of counsel is not warranted at this time. Generally, a motion to appoint counsel is appropriate after a complaint survives motions related to pleadings and motions for summary judgment. The Court also makes every effort to appoint counsel in cases that proceed to trial. Since this case is in its earliest stages, and because the Undersigned recommends that it be dismissed, Plaintiff's request is premature.

The Court understands that Plaintiff faces challenges in litigating his case due to the nature of his claims. But Congress has not provided funds to compensate lawyers who represent indigent

35

plaintiffs in cases like these. And there are not enough lawyers who can absorb the costs of representing such individuals to allow the Court to appoint counsel to all who request them. The Court will reconsider requests for appointment of counsel if this Report and Recommendation is not adopted in full and this case proceeds past motions for summary judgment. For now, Plaintiff's Motion (Doc. 10) is **DENIED without prejudice.**

## VI.     Conclusion

It is **RECOMMENDED** that Plaintiff's claims **be dismissed**. Specifically, Plaintiff's claims challenging the validity of the criminal prosecution pending against him and alleging a state-law claim of attorney malpractice should **be DISMISSED without prejudice**. The remaining claims should **be DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

### IT IS THEREFORE RECOMMENDED THAT:

1. The Court **DISMISS without prejudice** Plaintiff's claims challenging the validity of the criminal prosecutions pending against him and Plaintiff's state-law attorney malpractice claim.

2. The Court **DISMISS** the remaining claims **with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

3. The Court **GRANT** the motions to dismiss by Defendant Kelly J. Cottrill (Doc.3) and by Defendants John F. Litle, Matt Lutz, David Suciu, and Ronald Welch (Doc. 4)

4. The Court **DENY** Plaintiff's Motion for Default Judgment against Defendant Edwards (Doc. 8).

5.  The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the foregoing reasons, an appeal of any Order adopting this Report and Recommendations would not be taken in good faith and therefore **DENY** Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

1.  Plaintiff's Motion for Appointment of Counsel (Doc. 10) is **DENIED without prejudice**.

Date: February 9, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

**<u>PROCEDURE ON OBJECTIONS</u>**

Pursuant to Fed. R. Crim. P. 72(b), **WITHIN 14 DAYS** after being served a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

37